Spear, J.
We give attention to the questions argued by counsel so far as they are presented by the record: 1. Did the district court err in overruling the motion of the plaintiffs to dismiss the appeal? 2. Did that court err in finding that there was no evidence proving, or fairly tending to prove the issues on part of plaintiffs showing incapacity of the deceased to make a will, and in directing the jury to find a verdict sustaining the will?
As to the first: The reason urged in argument why the motion should have been sustained, is that C. F. Stein *66 kamp, one of the parties named in the bond as appellant, was not a party to the suit. Is this shown? One of the defendants of record is Christian Steinkamp, Sr. The motion was heard upon evidence. That evidence is not before us. Notwithstanding the journal entry given in the statement of the case, the evidence contained in the paper purporting to bo a bill of exceptions, can not be examined by this court, the paper having been signed and sealed by one only of the three judges who held the district court. Shillilo v. Thacker, 43 Ohio St. 63. All presumptions are in favor of the judgment. For aught that appears, it may have been shown that the party named as C. F. Steinkamp in the bond was the identical party defendant named as Christian Steinkamp, Sr , in the petition. The middle initial is not infrequently dropped in the naming of parties, and it is not unreasonable to treat the affix of “Sr.” as a superfluity. The record discloses no error in overruling the motion to dismiss the appeal.
In support of the charge of error upon the second ground, it is insisted that there were sufficient facts admitted by the pleadings, taken in connection with the will, tending to prove the issue to require the case to be submitted to the jury. Many of the assumptions and statements of the brief are founded upon facts assumed to exist because of testimony set out in the alleged bill of exceptions. Having already found that we have no bill of exceptions in the record, it would be a needless use of space to consider them. As to the allegations of the petition taken with the will, the court below was of opinion that they furnished no evidence tending to show incapacity on part of the deceased. We do not deem it necessary to take time with this point more than to say that we agree with the district court in that view. And having found, on conclusion of plaintiffs’ testimony, that there still was no evidence tending to prove incapacity on part of the deceased to make a will at the time the will was made, what was the duty of the court?
It is urged that, in passing upon the sufficiency of the *67 evidence and directing the jury to bring in a verdict sustaining the will, the court exceeded its power, and the plaintiffs were thereby deprived of their statutory right to a trial by jury. In other words the claim is, that whatever the state of the proof — however completely the plaintiff fails to make the slightest prima facie case — yet the court must, perforce, send the case to the jury, omitting the usual and ordinary instructions which, in other eases, under like circumstances, would be given. The statute, in regard to the contest of wills in force at the time of the trial below, Revised Statutes, sec. 5861, and following, provides that an issue shall be made up, whether the writing produced is. the last will of the testator or not, which shall be tried by a jury; and, unless a new trial be granted, or the cause appealed, the verdict shall be conclusive, and the court shall enter judgment thereon; that, on the trial, the order of probate shall be prima fade evidence of the due attestation, execution, and validity of the will ; that the party sustaining the will, shall be entitled to open and close the evidence and argument — he shall offer the will and probate, and rest. The opposite party shall then offer his evidence. The party sustaining the will shall then offer his other evidence; and rebutting evidence shall be offered as in other cases. An appeal maybe had to the district court; and that court shall direct the issue tried in the court below to be re-tried in that court in the same manner.
The court may not dispose of the case by a decree, nor by a judgment rendered for mere insufficiency of pleading. There must be a jury trial, if the case proceeds at all. But is the jury trial necessarily other than the common law trial by jury ? We look in vain, in the brief tendered, for any satisfactory reason why it should be. The statement is, that the court judges of the competency of the evidence, the jury of its truth, tendency, value, and sufficiency. But why? In other jury trials, the court judges not only of the competency of testimony offered, but, when it is all in, whether any evidence has been given tending to sustain, the claim of the party, upon whom the burden is. Iu con *68 tests of wills, manifestly, the burden is on the plaintiffs. By the introduction of the will, and order of probate, a prima facie case has been made against them. Suppose they offer no testimony at all, wouhTnot the plain duty of the court be to so say to the jury ? And, if so, why not take the next step, .and say that, under such circumstances, it would be their duty to find in favor of the will? And upon what principle is it that testimony, which does not tend to support the issue at all, is of more force in law than no testimony ?
The language of the opinion in Walker v. Walker, 14 Ohio St. 157, is cited. Speaking of trial by jury, Brinkerhoff, J., on page 176, says that “ this provision of the statute is imperative in its terms, and we have reason to believe that it was deliberately enacted with a view to prevent a disposition of cases for the contest of wills upon the mere consent or acquiescence of parties in any form.” This language, and the statute as well, may properly be read in the light of our knowledge of the mischief sought to be remedied, which was, speaking from tradition and history, a tendency to procure the setting aside of wills by consent decrees in chancery. The first statute upon the subject provided that, when the widow or person of kin appeared to contest the will, the court should take cognizance thereof and grant proceedings thereon accoi'ding to law. This furnished an easy mode of disregarding the expressed wish and purpose of the dead testator, and necessitated a change incorporating, as a requirement, trial by jury, as in the present statute. This statute, taken as a whole, negatives any idea that the legislature intended to encourage the setting aside of wills; quite a contrary purpose is manifest. No argument can be needed to sustain this view; a bare reading of the statute abundantly supports it. And we venture the statement that the predominating idea is, that wills, which have been duly admitted to probate and record in the probate court, shall not be set aside by mere consent of parties. The affirmance of the will but leaves the parties where they were before suit commenced. The judg *69 ment of the probate court is binding until a verdict sets its order aside. -
But the controlling'feature of the case cited, as applied to the case under consideration, is found in the third paragraph of the syllabus, which is: “In a proceeding under the statute to contest the validity of a will, it is error to render final judgment on demurrer to an answer. An issue must be made up and tried by a jury, under proper instructions by the court.” We emphasize: “ Under proper instructions by the court.” “Proper instructions” are such as the law of the case, and the testimony before the jury, make pertinent. It is difficult to see how this case of Walker v. Walker gives any color to the idea, that the statute is intended to dethrone the court and make the jury supreme. The statute provides the order in which the testimony shall be introduced, gives legal effect to the will and order of probate, and requires the case to be submitted to the jury. In other respects the ferial is to be conducted as other jury trials are conducted ; and it is the duty of the court in that case, as in other cases; to give proper instructions to thejury. And it may well be treated, not as having effect to enlarge the rights of the parties during trial, but as furnishing a rule of procedure only.
There are other assignments of error, but they are disposed of by the disposition of those herein considered. We find no error in the record.

Judgment affirmed.